IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| (1) | ALEXANDER LOESSBERG, | ) | |
| | | ) | |
| | Plaintiff, | ) | |
| | | ) | Civil Action No. |
| v. | | ) | |
| | | ) | |
| (1) | UNITED PETROLEUM TRANSPORTS, INC., | ) | |
| | | ) | |
| | | ) | |
| | Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiff, ALEXANDER LOESSBERG, files this action against Defendant and by way of complaint against Defendant alleges the following:

**I. Nature of Action**

1.1     This jury action seeks redress for Defendant's violation of the laws of the United States and Oklahoma in connection with the termination of Plaintiff's employment. The action specifically seeks to enforce rights created under the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101 *et. seq.,* Family and Medical Leave Act ("FMLA") 29 U.S.C. § 2601 *et. seq.* and Oklahoma Anti-Discrimination Act ("OADA"), 21 O.S. 1101, *et. seq.*   As redress for Defendant's violation of the ADA, FMLA and OADA Plaintiff prays for and demands declaratory, legal and equitable relief, including back pay, reinstatement or, in the alternative, front pay, punitive damages, liquidated damages, damages for emotional distress and attorney fees and costs.

1

## II. Jurisdiction and Venue

2.1    This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a). This Court has jurisdiction over Plaintiff's FMLA claim brought under federal law and this suit is authorized and instituted pursuant to 29 U.S.C. § 2617(a)(2).

2.2    At all relevant times, Defendant has continually been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. 12111(5) and Section 101(7) of the ADA, 42 U.S.C. Section 12111(7).

2.3    At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

2.4    At all times material to this action, Plaintiff was an employee who had been employed for at least 12 months by Defendant and worked for at least 1,250 hours of service with Defendant during the previous 12 month period within the meaning of 29 U.S.C. § 2611(2)(A).

2.5    Plaintiff was an "employee" of Defendant, and Defendant was the "employer" of Plaintiff, within the meaning of 29 U.S.C. § 2611 (2)(A) and (4)(A) of the FMLA.

2.6    Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because all or a substantial part of the events or omissions giving rise to the claims set forth herein occurred within the judicial district of this Court, and because Defendant resides within the judicial district of this Court.

2.7     This Court has pendent jurisdiction over the state law claim as the claim arose under the same set of facts as the federal statutory claim.

2.8     All conditions precedent to Plaintiff's entitlement to relief in this action have been fulfilled and satisfied.  Plaintiff filed a charge of disability discrimination with the U.S. Equal Employment Opportunity Commission.  On or about July 9, 2025 the EEOC issued to Plaintiff a Notice of Right to Sue and this suit is instituted within the 90-day deadline contained within the notice.

### III.    Parties

3.1     Plaintiff is a male citizen of the United States and a resident of Oklahoma County, Oklahoma.

3.2     Defendant is a domestic for profit business corporation registered to do business in the State of Oklahoma.  Process may be served upon its duly authorized agent: Gregory Price, 4312 S. Georgia, Oklahoma City, OK  73129.

### IV.    Background Facts

4.1     On or about February 27, 2023 Plaintiff began employment with Defendant for the full time position of Rate Coordinator.  Throughout his employment, he always met or exceeded his performance expectations.

4.2     Defendant promoted Plaintiff to Rate Analyst with a raise. He was one of three Rate Analysts in the Department.  He reported directly to  Derrick Ford.

4.3     At his termination, he had the dual roles of Rate Analyst, Pricing Analyst and Trainer to a recent hires for Rate Coordinator and Pricing Analyst.

4.4     On or about July 18, 2024 Plaintiff was admitted through the Emergency Department of Baptist Integris for treatment of complications from severe pancreatitis. His condition was life threatening with intubation and intensive care treatment.

4.5     Prior to admission into the hospital Plaintiff notified Manager Ford by text that afternoon he was "going to the ER".   Later that night a text to Manager Ford said he had "severe pancreatitis" and will "be in the hospital for days" and "starting of kidney failure".   A picture of Plaintiff in an ambulance was also sent to Manager Ford.

4.6     Thereafter, either Plaintiff or his wife communicated with Bryce Ketchum, Human Resources, Manager Ford, Chris Busby, CFO, and Angela Etheridge, Billing Manager, regarding diagnosis, treatment and/or prognosis by phone and email.

**Approved FMLA Leave of Absence**

4.7     Plaintiff submitted a Physician Certificate for FMLA leave seeking continuous and intermittent leave for his hospitalization and treatment during recovery. The physician certificate for administration of Plaintiff's leave under the FMLA stated an ending date of "undetermined" and that he will "continue to require inpatient therapy. Remains critically ill in ICU" and that it is medically necessary to be absent on intermittent basis.

4.8     Defendant approved Plaintiff for leave under the FMLA.

4.9     On or about August 25, 2024 Plaintiff advised Manager Ford he believed his doctor would permit his return next week.

4.10    Plaintiff sent to Manager Ford his return to work note from the doctor for August 29, 2024.

4.11    On or about August 29, 2024, Plaintiff returned to work.

4.12    Upon return Plaintiff was instructed to train a new hire for Pricing Analyst with the promise of a promotion to Senior Pricing Analyst after training complete.

**FMLA Qualified Intermittent Leave**

4.13    Although Plaintiff was released back to work, Plaintiff was still under active treatment with approximately 4 health care specialists, which included exams and tests.

4.14    Plaintiff thereafter took intermittent leave for his continued follow up treatment after release from the hospital.

4.15    Plaintiff registered his intermittent leave with a description of his medical treatments on the shared calendar with staff and management.  Plaintiff personally shared with Manager Ford his continued symptoms, treatment, prognosis and leave.

4.16    Based upon information and belief, Defendant did not administer his intermittent leave under the FMLA.

4.17    Plaintiff worked afterhours and/or through lunch break to avoid disruption from his intermittent leave.

4.18    At the time, Plaintiff was the most senior Pricing Analyst in the department

4.19    Plaintiff trained the new hire.

4.20    On or about October 3, 2024, Defendant terminated his employment.

4.21    At his termination, Plaintiff had previously registered on the shared calendar with his manager approximately 7 additional future intermittent absences related to continuing treatment of his condition.

5

## COUNT I:  ADA and OADA discrimination

5.1    Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 4.21 of this Complaint.

5.2    Plaintiff had a "disability" within the meaning of 42 U.S.C. § 12102.(2)(A) and/or Plaintiff was "regarded as having such an impairment" by Defendant within the meaning of 42 U.S.C. § 12102.(2)(C) and/or Plaintiff has a "record of such an impairment" within the meaning of (2)(B).

5.3    Defendant willfully, knowingly, and intentionally discriminated against Plaintiff on the basis of a disability in the terms or conditions of his employment, and/or otherwise failed to reasonably accommodate Plaintiff's disability, by failing terminating Plaintiff's employment during a regimen of treatment.   By engaging in such conduct, Defendant violated § 12112(a), which makes it an unlawful employment practice for an employer to discriminate against any person with respect to hiring, discharge and other terms, conditions, and privileges of employment because of a disability or being regarded as disabled.

5.4    As a direct and proximate result of Defendant's violation of the ADA and OADA, Plaintiff has been damaged by the loss of his employment with Defendant and the loss of compensation, including salary and employee benefits, he would have received as an employee of Defendant had he not been discharged in violation of the ADA and OADA.

5.5     As a direct and proximate result of Defendant's actions as alleged under this Count, Plaintiff has suffered nonpecuniary losses, including emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

5.6     Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff within the meaning of 42 U.S.C. § 1981a.

5.7     As a direct and proximate cause of the violations of the ADA and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

## COUNT II: ADA and OADA Retaliation

6.1     Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 5.7, of this Complaint.

6.2     Plaintiff's request for reasonable accommodations through full leave then intermittent leave and future intermittent leave for continuing treatment for a disability were a motivating factor in Defendant's decision to terminate his employment. Defendant otherwise willfully, knowingly and intentionally discriminated against Plaintiff on the basis of his requests for reasonable accommodations by the conduct above.  By engaging in such conduct, Defendant violated the ADA and OADA, which makes it an unlawful employment practice for an employer to retaliate or discriminate against a person who has requested an accommodation for a disability.

6.3     As a direct and proximate result of Defendant's violations of the ADA and OADA, Plaintiff has been damaged by the loss of his employment with Defendant and the

7

loss of compensation, including salary and employee benefits, he would have received as an employee of Defendant had he not been terminated in violation of the ADA and OADA.

6.4   As a direct and proximate result of Defendant's actions as alleged under this Count, Plaintiff has suffered nonpecuniary losses, including emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

6.5   Defendant engaged in the conduct alleged herein with malice and reckless indifference to the federally protected rights of Plaintiff within the meaning of 42 U.S.C. § 1981a.

6.6   As a direct and proximate cause of the violations of the ADA and OADA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

### COUNT III: FMLA
**(Interference, Restraint or Denial of FMLA rights)**
**(Retaliation for Requesting FMLA leave)**

7.1   Plaintiff incorporates and realleges, in full, paragraphs 1.1 through 6.6 of this Complaint.

7.2   Plaintiff worked for Defendant at least twelve months and Defendant has continuously employed and does employ fifty or more employees within the meaning of 29 U.S.C. Section 2611(2).

7.3   All conditions precedent to the prosecution of this cause of action by Plaintiff has been satisfied.

7.4   At all times material to this action, Defendant has retaliated and/or interfered with, restrained, and denied to Plaintiff the exercise of and attempted exercise

of rights under Section 2615(a)(1) of the FMLA by the following: (1) approving Plaintiff for FMLA leave; (2) failing to approve or administer Plaintiff for intermittent leave under the FMLA; (3) terminating Plaintiff's employment during intermittent FMLA leave for continuing treatment; (4) terminating Plaintiff's employment for future documented intermittent FMLA leave for continuing treatment.

7.5     As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has been damaged by the loss of his employment with Defendant and the loss of compensation, including salary and employee benefits, he would have received as an employee of Defendant had his rights under the FMLA not been interfered, restrained or denied or been retaliated for his attempted exercise of FMLA rights.

7.6     In violating the FMLA, Defendant acted with malice and with reckless indifference to the federally protected rights of Plaintiff within the meaning of 29 U.S.C. § 2617 (a)(1)(A)(iii) of the FMLA.

7.7     As a direct and proximate cause of the violations of the FMLA as alleged under this Count, Plaintiff has also suffered other pecuniary losses, the type and amount of which will be established at the trial of this cause.

### Prayer for Relief

WHEREFORE, PLAINTIFF prays that this Court:

1.     A judgment that Defendant has engaged in all of the conduct alleged in this Original Complaint, and that Defendant has, by engaging in such conduct, violated the ADA, FMLA and OADA.

2. An injunction permanently enjoining Defendant from engaging in the future the discriminatory employment practices alleged in this Original Complaint.

3. A judgment against Defendant awarding Plaintiff an amount equal to the lost wages and employment benefits had he not been terminated by Defendant in violation of the ADA, FMLA and OADA.

4. An order reinstating Plaintiff to the position, seniority and level of compensation, including salary, bonuses and benefits, he would have enjoyed had he not been terminated by Defendant in violation of the ADA, FMLA and OADA and, or, in the alternative, a judgment awarding Plaintiff an amount equal to the front pay, including salary, bonuses and benefits, he would have received, from the date of judgment through the date he would have retired or resigned from employment at Defendant.

5. Enter an equivalent money judgment awarding Plaintiff liquidated damages, as provided by FMLA, ADA and OADA;

6. A judgment against Defendant's awarding Plaintiff compensatory damages as redress for Defendant's unlawful conduct under the ADA, FMLA and OADA.

7. A judgment against Defendant awarding Plaintiff exemplary damages to punish and make an example of Defendant for their unlawful conduct.

8. A judgment against Defendant awarding Plaintiff compensation for past and future nonpecuniary losses, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

9.      A judgment against Defendant awarding Plaintiff an amount equal to the costs of bringing this action, including a reasonable attorney fee.

10.     A judgment awarding Plaintiff such other legal and equitable relief as may be appropriate, including prejudgment and postjudgment interest.

Respectfully submitted,

s/ Jeff A. Taylor
Jeff A. Taylor
State Bar No. 17210
Chadwick & Taylor, P.C.
5621 N. Classen Blvd.
Oklahoma City, OK  73118
Telephone:  (405) 286-1600
Facsimile:   (405) 842-6132

ATTORNEYS FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

In accordance with Fed.R.Civ.P. 38(b), Plaintiff demands a jury trial of all of his claims in this action.

s/Jeff Taylor
Jeff Taylor